**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 25-4264**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

SHAWN MICHAEL BORK,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Thomas S. Kleeh, Chief District Judge.  (1:24-cr-00015-TSK-MJA-1)

───────────────

Submitted:  November 20, 2025               Decided:  November 24, 2025

───────────────

Before THACKER, HARRIS, and QUATTLEBAUM, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:**  Brian J. Kornbrath, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Clarksburg, West Virginia, for Appellant.  Andrew R. Cogar, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shawn Michael Bork pled guilty, pursuant to a plea agreement, to distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court sentenced him to 180 months in prison. On appeal, counsel for Bork has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), conceding that Bork's plea was knowing and voluntary and explaining that he has identified no meritorious issues regarding Bork's sentence. Bork has not filed a pro se supplemental brief, despite receiving notice of his right to do so, and the Government has declined to file a response brief. We affirm.

Because Bork did not seek to withdraw his guilty plea and did not contemporaneously object to the sufficiency of the Fed. R. Crim. P. 11 hearing, we review the adequacy of the Rule 11 hearing for plain error. *United States v. King*, 91 F.4th 756, 760 (4th Cir. 2024). A guilty plea is valid if the defendant voluntarily, knowingly, and intelligently pled guilty "with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013) (internal quotation marks omitted); *see King*, 91 F.4th at 760.

For instance, before accepting a guilty plea, the court must conduct a plea colloquy during which it must inform the defendant of, and determine that the defendant understands, the rights he is relinquishing by pleading guilty, the charge to which he is pleading, and the maximum and any mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1). The court also must ensure that the plea is voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2),

and that a factual basis supports the plea, Fed. R. Crim. P. 11(b)(3). We have reviewed the transcript of Bork's Rule 11 hearing and conclude that the magistrate judge—to whose jurisdiction Bork consented, *see* 28 U.S.C. § 636(c)—committed no error in accepting Bork's guilty plea, which was knowing and voluntary.

Next, we review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id.* at 49-51.

If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *Id.*

In this case, the district court adopted the Guidelines range, which was correctly calculated in Bork's presentence report at 210-240 months in prison. The district court afforded Bork an opportunity to allocute, listened to the parties' arguments regarding an appropriate sentence, and thoroughly explained the imposed downward variant sentence.

3

Further, nothing in the record rebuts the presumption of substantive reasonableness afforded to Bork's below-Guidelines sentence.

Finally, we observe that the special conditions of supervised release contained in the written judgment are consistent with the district court's oral pronouncement of the sentence. That is, each special condition imposed in the judgment was explicitly announced by the district court judge at the sentencing hearing, to no objections. *See United States v. Rogers*, 961 F.3d 291, 296-97 (4th Cir. 2020).

In accordance with *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Bork, in writing, of the right to petition the Supreme Court of the United States for further review. If Bork requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bork.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4